IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| PAUL UTAH, | : |
| :--- | :--- |
|     Plaintiff, | : |
| | : |
| v. | :    CIVIL ACTION NO. 20-CV-0262 |
| | : |
| LEHIGH VALLEY HOSPITAL, | : |
|     Defendant. | : |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                                    **MARCH 11, 2020**

      Plaintiff Paul Utah, who resides in New York, has recently filed a signed Amended Complaint[1] invoking the Court's federal question jurisdiction for "civil rights violations" that occurred in "Allentown PA and Bethlehem PA" during the past eight years.[2] (ECF No. 8.) Utah

---

[1] By Order of the Court dated January 23, 2020, Utah was directed that if he intended to proceed with this case, he was to sign the Complaint and return it to the Court within thirty days. (ECF No. 7.) On March 5, 2020, the Court entered an order dismissing the case without prejudice for failure to prosecute because it appeared Utah abandoned this case. However, shortly after entering that Order, the Court received Utah's signed Amended Complaint. (ECF No. 8.) As Utah has updated his address and filed a signed pleading, the Court will vacate its dismissal Order.

[2] It is well recognized that an amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint.") (*citing W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted). Accordingly, the Amended Complaint (ECF No. 8) Utah submitted to the Court after his initial Complaint (ECF No. 2) supersedes the prior pleading, and the Court will proceed to screen the Amended Complaint.

seeks leave to proceed *in forma pauperis*.[3]  For the following reasons, the Court will grant him leave to proceed *in forma pauperis* and dismiss his Complaint as frivolous.

I.     **FACTUAL ALLEGATIONS**

Utah's Amended Complaint indicates that the basis for this Court's jurisdiction is "civil rights violations," and he asserts that the events giving rise to his claims have occurred in "Allentown PA and Bethlehem PA" from January 1, 2012 through January 13, 2020.  (ECF No. 8 at 2-3.)[4]  Some of Utah's allegations against Defendant Lehigh Valley Hospital are as follows:

> used staff to do illegal activities outside hospital like diagnosis and hospital activities . . . Rachel Rivera and other hospital staff were intimidating me and harassing me. Legally when i found out what was happening i stopped talking to them. The Hospital followed me from gym to gym and other public locations for years. They spread rumors and did medical malpractice to my name. They did illegal neuro imaging on me with an mcat scan. They did illegal diagnosis and fraud. They knew that there was brain technology on me. They did medical negligence on me in the cafeteria and the had illegal eye on me in the hospital and outside the hospital. They spread rumors across state lines. The only thing that i did with them was yes at times looking for a real loving relationship some of their family members or friends or even staff. i did not work them or do anything illegal to them. They knew i was a bodybuilder and they knew i was in touch with reality .
>
> They knew the brain technology gave me dreams and even one of the staff heard noises from my head when i was sleeping. They also knew i loved Caucasian women too.
>
> Medication had suicide effects and other negative mental effects on the brain. Because of this hospital i am in fear of hospitals and dirty doctors.
>                                    .   .   .

---

[3] Utah has filed two Motions for Leave to Proceed *In Forma Pauperis* (ECF Nos. 1 and 9) on January 14, 2020 and March 5, 2020, respectively.  The second motion appears to provide updated information with respect to his financial status.

[4] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

2

> They also didn't follow their bill of rights. They automatically kept me for more than a week that was part of the fraud. They would follow me to gyms and im sure they also did diagnosis there. There was a girl named Ashley that was a doctor. which said i could choose my treatment.
>
> They told the police to do an illegal involuntary commitment in walnutport pa. this was outside the hospital and equals fraud when they had no legal right to do it. The hospital corporation and staff caused pain and suffering for years by staff following me , intimidating me and spreading rumors.
>
> medication caused gentials to be less useful and more fatigued and very tired, again knew that brain technology had painful effects on my brain to cause emotion and pain. never had medical occurance before lehigh high valley hospital. . . .

(ECF No. 8 at 3) (errors in original). Utah avers emotional trauma, averring that "medication that was given because they legally did not care about their prescription they gave me also the pain i displaced was from the technology they knew legally that was on me. . . . helped to cause drama and hell in my life in the lehigh valley [and] medication caused gentials to be less useful and more fatigued and very tired, again knew that brain technology had painful effects on my brain to cause emotion and pain." (*Id.* at 4) (errors in original). Utah seeks "20 Million Dollars . . . [and to] [b]an all the people that did illegal things from talking to me for life and fix name, remove mental disability on my name . . . [and] [b]an all the eye of hospital and staff from talking to me unless they make 100 thousand or more or want to do a financial transaction or give me a career." (*Id.*)

## II. STANDARD OF REVIEW

Because it appears that he is incapable of paying the fees necessary to commence this action, Utah will be granted leave to proceed *in forma pauperis*. Accordingly, Utah's Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which requires the Court to dismiss a complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an

3

arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Factual allegations that are "fanciful," "fantastic," and "delusional" are considered "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Utah is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court has carefully reviewed Utah's Amended Complaint and concludes that it is factually frivolous. The allegations are fanciful and delusional. Notably, this action is quite similar to other actions that Utah has filed both in this Court and other federal district courts. Recently, Chief United States District Judge Colleen McMahon of the United States District Court for the Southern District of New York noted that Utah's "claims rise to the level of the irrational, and there is no legal theory on which he can rely." *Utah v. New York Police Dep't*, Civ. A. No. 19-CV-10778, 2019 WL 6701992, at *1 (S.D.N.Y. Dec. 6, 2019) (dismissing complaint as frivolous and warning Utah that "if he continues to abuse the privilege of proceeding IFP. . ., he will be ordered to show cause why he should not be barred"). *See also Utah v. Starbucks Corp.*, Civ. A. No. 19-CV-10733, 2019 WL 6341565, at *1 (S.D.N.Y. Nov. 27, 2019) (noting that Utah had filed at least three other actions with similar allegations and different defendants, all of which were dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)); *Utah v. Barnes & Noble*, Civ. A. No. 19-CV-10734, 2019 WL 6341394, at *1

4

(S.D.N.Y. Nov. 27, 2019); *Utah v. Shoprite Corp.*, Civ. A. No. 19-CV-10779, 2019 WL 6731994 (S.D.N.Y. Dec. 11, 2019); *Utah v. Pennsylvania State Police*, Civ. A. No. 19-CV-5291, 2020 WL 430876, at *2 (E.D. Pa. Jan. 28, 2020) (same). Utah's Amended Complaint will be dismissed as frivolous.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Utah leave to proceed *in forma pauperis* and dismiss his Amended Complaint. As it appears amendment would be futile, especially in light of Utah's litigation history, the Court will dismiss this case with prejudice. Utah should note that the repeated filing of duplicative lawsuits raising claims that the Court has already addressed and dismissed may result in restrictions on filing privileges in the future. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process."). An appropriate Order follows, which shall be docketed separately.

                                                  **BY THE COURT:**

                                                  **/s/ Jeffrey L. Schmehl**
                                                  **JEFFREY L. SCHMEHL, J.**